**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**UNITED FINANCIAL CASUALTY CO.**                                    **PLAINTIFF**

**v.**                              **CASE NO. 3:12CV00192 BSM**

**RONALD P. REYNOLDS et al.**                                       **DEFENDANTS**

**ORDER**

Plaintiff United Financial Casualty Company's ("UFC") motion for summary judgment [Doc. No. 14] is granted.

I. FACTUAL BACKGROUND

In 2005, Carl's Furniture Center ("Carl's") purchased an insurance policy from UFC insuring a 2003 Honda Civic. The insurance application listed Carl's address as P.O. Box 53, Paragould, Arkansas, 72450, and the policy issued by UFC contained the same address. Over the next seven years, the policy was renewed several times, with occasional lapses in coverage ranging from two days to fifty two days. On August 23, 2011, the policy was again renewed with a termination date of February 23, 2012. A renewal notice was mailed on January 21, 2012, requesting payment of the premium before the expiration date of February 23, 2012. A second notice was mailed on February 7, 2012. The second notice advised that the policy would expire on February 23, 2012, at 12:01 a.m. unless payment was received before that date. No payment was received and the policy expired. M.F. Block, Inc., the local agency that sold the policy to Carl's, then notified Carl's by mail that its insurance coverage had expired and that Carl's was not insured.

On April 14, 2012, Carl's president, Ronald Reynolds, was involved in an accident with Victor Hickox while driving the Honda Civic. Hickox sued Reynolds in state court and Reynolds demanded coverage under the UFC insurance policy. UFC then filed this case against Reynolds and Hickox seeking a declaration that no coverage exists under the policy and that it has no duty to defend or pay damages for the accident in question. On October 23, 2012, UFC moved for summary judgment asserting that there are no disputes of material fact and that it is entitled to judgment as a matter of law.

## II. LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.* Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

III. DISCUSSION

UFC moves for summary judgment, stating that the insurance policy expired by its own terms when the renewal premium was not paid. In response, Reynolds states that UFC failed to give him sixty days notice that it was not renewing the policy, which he claims was required. He also states that he did not receive any notices from UFC because the address listed on the policy was incorrect. Summary judgment is granted because the policy expired when the premium went unpaid and notice was sufficient.

The parties agree that the insurance policy at issue was a commercial policy. The law is clear that, "[e]xcept in case of nonpayment of premium, an insurer shall renew a policy unless a written notice of nonrenewal is mailed at least sixty (60) days prior to the expiration date of the policy...." Ark. Code. Ann. § 23-79-307(7). Although Reynolds asserts that UFC had to provide a sixty day notice that it did not intend to renew the policy, this is not required when a policy holder fails to pay the premium. The record is clear that Reynolds failed to pay the premium.

To avoid summary judgment for his failure to pay the premium, Reynolds asserts that UFC's notices to him were insufficient because the address listed on the policy was incorrect. The problem with this argument is that the undisputed facts indicate that the mailing address used by UFC is the same address listed on the policy since it originated in 2005. Further, to prove notice, even for cancellation, intent not to renew, or when notifying an insured of grounds for cancellation, an insurer is only required to demonstrate proof of mailing to the address listed on the policy. *See* Ark. Code. Ann. § 23-89-306. Summary judgment is

therefore granted.

An appropriate judgment shall accompany this order.

IT IS SO ORDERED this 22nd day of February 2013.

_____
UNITED STATES DISTRICT JUDGE